# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

<mark>DATE 12/8/2015</mark>

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/9/2015 1:18:54 PM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:** 14TH COURT OF APPEALS

**From:** **Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** <mark>2012-30642</mark>

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE # 67017839**

**DUE 1/11/2016** **ATTORNEY 08063500**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED: 9-11-15**

**MOTION FOR NEW TRIAL DATE FILED 10/09/2015**

**REQUEST TRANSCRIPT DATE FILED NONE**

**NOTICE OF APPEAL DATE FILED 12/07/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED: YES ☐ NO ☐ IMAGED FILED: YES ☐ NO ☐**

**CODES FOR NOTICE OF APPEAL: BC, C, OA;**

CHRIS DANIEL
Harris County, District Clerk

By: /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON , Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D - | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL ) |
| NA | AMENDED NOTICE OF APPEAL |

## NO. 2012-30642

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN THE DISTRICT COURT |
| THE MARRIAGE OF | ) | |
| | ) | |
| CAROLYN CLARK KENNEDY | ) | |
| AND | ) | 311TH FAMILY COURT |
| DONALD RAY CLARK, SR. | ) | |
| | ) | |
| AND | ) | |
| DONALD RAY CLARK, JR., | ) | |
| THIRD PARTY DEFENDANT | ) | HARRIS COUNTY, TEXAS |

### NOTICE OF APPEAL

This Notice of Appeal is filed by DONALD RAY CLARK, SR,

Respondent/Cross Petitioner and DONALD RAY CLARK, JR., Third Party

Defendant (herein appellants) who desire to appeal to either the First or the

Fourteenth Court of Appeals sitting in Houston, Texas for the Supreme Judicial

District of Texas from the judgment in this cause rendered on September 11, 2015

in the 311th District Court of Harris County, Texas give this notice of appeal from

the judgment and all portions of it.

_Gladys R. Goffney_
Gladys R. Goffney
Attorney for Appellants
State Bar No.;08063500
PO Box 3441
Houston, Texas 77253-3441
Ph.:(713)224-8860 Fax:(713)357-6824
E-Mail: _GGoffney1@Comcast.Net_

- 1 -

FM11-115

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on Petitioner, Carolyn Clark Kennedy in accordance with the Texas Rules of Civil Procedure by serving this NOTICE OF APPEAL on her attorney of record:

Ms. Shonda Jones
1314 Texas Ave., Suite 812
Houston, Texas 77002

on December 7th, 2015.

Gladys R. Goffney
Attorney for Donald Ray Clark, Sr. And
Donald Ray Clark, Jr. (herein Appellants)

FM11-115

# CAUSE NUMBER 2012-30642

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) ) | IN THE DISTRICT URT |
| CAROLYN CLARK KENNEDY AND DONALD RAY CLARK,SR. | ) | 311ᵗʰ FAMILY COURT |
| AND DONALD RAY CLARK, JR. THIRD PARTY DEFENDANT | ) ) | HARRIS COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS )

COUNTY OF HARRIS )

Before me the undersigned notary, on this day personally appeared Gladys R. Goffney, the affiant, a person whose identity is known to me, and who was further identified by photographic identification. After I administered an oath to affiant, Affiant testified:

My name is Gladys R. Goffney. I am capable of making this verification and affidavit.

I read the foregoing NOTICE OF APPEAL by Donald Ray Clark, Sr., Respondent/Cross-and Donald Ray Clark, Jr. Third Party Defendant, of the Judgment rendered by the Court on September 11, 2015.

The facts stated in it are within my personal knowledge and are true and correct.

_____
GLADYS R. GOFFNEY
Attorney at Law

SWORN to and Subscribed before me by Gladys R. Goffney
on this the ___7___ day of December __7__, 2015.

_____
NOTARY PUBLIC IN AND FOR THE

Wilbert James
My Commission Expires
08/14/2017
NOTARY PUBLIC
STATE OF TEXAS

| IN THE MATTER OF | * | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | * | |
| | * | |
| CAROLYN CLARK | * | |
| AND | * | |
| DONALD RAY CLARK, SR | * | HARRIS COUNTY, TEXAS |
| AND RE | * | |
| DONALD RAY CLARK, JR | * | |
| THIRD PARTY RESPONDENT* Defendant | | 311TH JUDICIAL DISTRICT |

## FINAL DECREE OF DIVORCE

On June 22 and July 24, 2015, the parties announced ready and attended trial on matters not resolved at mediation The Court after hearing the evidence and argument of counsel rendered a final judgment and approved the mediated settlement agreement

### I Appearances

Petitioner, Carolyn Clark appeared in person and through Attorney, Shonda M Jones and announced ready

Respondent, Donald Clark, Sr appeared in person and through Attorney Gladys Goffney and announced ready

Third party Respondent Defendant, Donald Ray Clark, Jr appeared in person and through Attorney Gladys Goffney and announced ready

### 2 Record

The making of testimony was made by Stephanie Wells, the Court Reporter for the 311th Judicial District Court

---

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

## 3 Jurisdiction and Domicile

The Court finds that the pleadings of Petitioner and Respondent are in due form and contain all the allegations, information, and prerequisites requested by law  The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed  The Court finds Petitioner has been a domiciliary of Texas for at least a six-month period preceding the filing of this action and a resident of the Harris County in which this suit is filed for at least a ninety-day period preceding the filing of this action

All persons entitled to citation were properly cited

## 4 Jury

A jury was waived, and all questions of fact and law were submitted to the Court

## 5 Divorce

IT IS ORDERED AND DECREED THAT Petitioner, Carolyn Clark and, Respondent, Donald Ray Clark, Sr  are divorced and that the marriage between them is dissolved on the ground of in supportability and discord or conflict of personalities that destroys the legitimate ends of the martial relationship
The parties entered into a mediated settlement agreement on May 19, 2015, with Bruce Kessler, pursuant to the informal settlement process  This Final Decree of Divorce is stipulated to represent a merger of an informal settlement  agreement between the parties To the extent there exist any difference between the informal settlement agreement and this Final Divorce Decree, this Final Divorce Decree shall control in all instances

## 6   Statement of Facts
The Court finds

-   **Existence of Marriage**  The parties were married on or about October 14, 1996, and ceased living together approximately December of 2011 through March of 2012

-   **Children of the Marriage**-There are no minor children born of this marriage  There are no adopted children of this marriage and no children are expected

- **Divorce Proceeding-** The marriage of the parties has become insupportable because of discord or a conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation

- **Residence Qualification-** At the time suit for divorce was filed, Husband and Wife had been domiciliaries of the State of Texas for the preceding six-month period and husband a resident of Harris County, Texas for the preceding 90 day period

## 7 Property Division

*7 1 Property to Husband* Husband, shall own, possess and enjoy, free from any claim of Wife, the following described property, and Wife grants, conveys and assigns to Husband all of that property, together with any insurance policies covering that property

The following household furniture, furnishings, fixtures, goods, appliances and equipment All household furniture, furnishing, fixtures, goods, appliances, and equipment in the possession or subject to the control of Husband located at 2511 7th St , Galena Park, except what has been awarded to Carolyn Clark

- All clothing, jewelry, and like articles of personal belongings of Husband

- Monies on account in the following banks, savings institutions, and other financial institutions, together with all gains and other benefits in the name of husband

- One half of all of the retirement and savings plans and/or pension plans of Mr Donald Ray Clark, Sr including but not limited to the following the Retirement and Pension plans ( Metropolitan Transit Authority and Great West)

- One half of all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases, proceeds, and any other rights relating to any profit sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Wife's past, present or future employment

- automobiles in possession and control of husband ( 1993 Chevy Suburban, 1995 Roadmastesr-Antique, 1995 Dodge Ram Truck)

-All bank accounts in the name of Donald Ray Clark, Sr

## 7 2 Debts Assumed by Husband

Husband assumes and promises to pay as they become due, and agrees to indemnify and hold Wife and her property harmless from the following debts and obligations

-Respondent, is responsible for any other debts which exist solely in his name and which he incurred prior to and since the date of marriage

-all loans and debts incurred by Donald Ray Clark, Sr since the date of separation

-all taxes on income earned by Donald Ray Clark, Sr from the date of marriage thru the present

- Texas Tax Solution II LLC located -4000 Vickery Blvd , Ste B, Fort Worth, Texas loan made to Donald Ray Clark Sr , Carolyn Clark and Donald Ray Clark, Jr In the amount of $10,216 payable with annual interest rate of 13 926% payable in 84 installments of $194 64, commencing with the first payment on January 3, 2013, making a total of $16,517 93 for the period Such loan is secured by such lender taking a security interest in 2511 7th St , Galena Park, Texas 77547
- The balance due in the amount of $9,312 42 as of December 2, 2103 on a loan made by Donald Ray Clark Sr and Carolyn Clark from Beneficial Finance Co , in the amount of $37,500 on during the year of 1996 in which 2511 7th St is used as collateral for the loan
- Any and all debts, charges, liabilities, and other obligations incurred solely by Donald Clark Sr , from and after December 1, 2011, unless express provision is made in this decree to the contrary
- All encumbrances , ad valorem taxes, liens, assessments, or other charges due to or become due on the real and personal property awarded to Donald Clark, Sr in this decree unless express provision is made herein to the contrary

-

**7 3 Property to Wife.** Wife, shall own, possess and enjoy, free from any claim of Husband, the following described property, and Husband grants, conveys and assigns to Wife all of that property, together with any insurance policies covering that property

- All of the following household furniture, furnishing, fixtures, goods, appliances, and equipment as follows that is in her personal possession

- Photos and dishes of Carolyn Clark which Carolyn Clark inherited from her mother IT IS ORDERED that Donald Ray Clark, Sr shall deliver all of the photos and dishes awarded to Carolyn Clark on or before the 31st day of January 2014, at the law office of Attorney, Shonda M Jones located at 1314 Texas Avenue, Ste 812, Houston, Texas by 5p m

- All clothing, jewelry, and like articles of personal belongings of Wife

- Monies on account in the following banks, savings institutions, and other financial institutions, together with all gains and other benefits in wife's name

- One half of all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases, proceeds, and any other rights relating to any profit sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Wife's past, present or future employment

  -All stocks, bonds and securities, together with all dividends, splits, and other rights and privileges in connection with any company on behalf of Carolyn Clark

  The automobile subject to and in the control and possession of Carolyn Clark Kennedy, specifically the 2000 Dodge Van

  -All bank accounts in the name of Carolyn Clark

- One half of all of the retirement and savings plans and/or pension plans of Donald Ray Clark, Sr , including but not limited to the following Plan 401k and Pension which is in the name of Donald Ray Clark as of the date of the divorce Specifically, Carolyn Clark is awarded the following

  IT IS ORDERED that Donald Ray Clark, Sr shall cooperate in executing upon receipt any and all documentations which are necessary for Carolyn Clark to receive her one half interest in the retirement/pension/457 plan/401k and savings plan of Donald Ray Clark, Sr, including but not limited to the Union Pension-In Pay Status Form QDRO Domestic Relations Order Relating to the Assignment of Donald

Ray Clark, Sr Accrued Benefit Under The Metropolitan Transit Authority Transport Workers Union Pension Plan Local 260, AFL-CIO

The Court finds that Donald Ray Clark, SR (hereinafter referred to as the "Participant") has been a participant in the Metropolitan Transit Authority Transport Workers Union Pension Plan Local 260, AFL-CIO and Trust ( The "Plan") and has earned a portion of his accrued benefits under the Plan during the period of time that the Participant was married to Carolyn Clark (hereinafter referred to as the "Alternate Payee")

The Court further finds that certain of the Participant's benefits under the Plan should be partitioned , assigned and distributed in accordance with the terms of this Order

IT IS ORDERED and DECREED that

1   At such time as specified in paragraph 2, the Plan shall pay to the Alternate Payee 50% of each monthly payment otherwise to be paid to the Participant  If the Plan pays the Participant a cost of living increase, then the Alternate Payee's benefit awarded under this paragraph shall be increased to reflect the Alternate Payee's share of each such increase

2   The Trustee of the Plan is hereby ordered to pay directly to the Alternate Payee the benefits awarded to her herein in accordance with the terms of this Order  The Trustee shall make payments of the amount in paragraph 1 immediately above to the Alternate Payee if , as, and when payments are made to the Participant and as soon as practicable after this Order is determined by the Plan Administrator to be a qualified domestic relations order as defined in section 414(p) of the Internal Revenue Code of 1986, as amended ("the Code"), and Section 804 003 of the Texas Government Code  Payments will be made to the Alternate Payee during such time as payments are made to the Participant

3   The Alternate Payee shall be treated as the Participant's surviving spouse for purposes of the Code, the Texas Government Code and the death and survivor benefits under the Plan, and to the same extent any future spouse will not be treated as a spouse of the Participant  Upon the death of the Participant, the Alternate Payee shall be entitled to all survivor benefits, if any, attributable to the Participant's benefits under the Plan  If the Alternate Payee predeceases the Participant, upon the death of the Alternate Payee, the benefits awarded to the Alternate Payee shall revert back to the Participant and shall be paid to the Participant until the Participant's death

4   To the extent that the Trustee of the Plan erroneously pays to the Participant any benefits that are payable to the Alternate Payee under this Order, the Participant shall be deemed to be a trustee holding the amount of such benefits

in a constructive trust for the benefit of the Alternate Payee The Participant is ordered to pay such amount to the Alternate Payee within five days after he receives such amount

5  To the extent that the Trustee of the Plan erroneously pays to the Alternate Payee any benefits that are payable to the Participant under this Order, the Alternate Payee shall be deemed a trustee holding the amount of such benefits in a constructive trust for the benefit of the Participant The Alternate Payee is ordered to pay such amount to the Participant within five days after she receives such amount

6  The mailing address of the Alternate Payee is 3803 Villa Glen Dr , Houston, Texas 77088 and her date of birth is October 09, 1958

7  The last known mailing address of the Participant is 2511 7ᵗʰ St , Galena Park, Texas and his date of birth is May 16, 1956

8  This Order shall not require the Plan to provide any type or form of benefit, or any option, not otherwise provided by the Plan, nor require the Plan to provide increased benefits (determined on the basis of actuarial value)

The Court retains jurisdiction to modify the portion of this Order relating to the assignment of the Participant's benefits accrued under the Plan for the purpose of ensuring its status as a qualified domestic relations order within the meaning of section 414(p) of the Code and Section 804 003 of the Texas Government Code

## 7 4 Debts Assumed by Wife

Wife assumes and promises to pay as they become due, and agrees to indemnify and hold Husband and his property harmless from the following debts and obligations

*-Petitioner,* is responsible for any other debts which were incurred solely by Carolyn Clark from and after December 1, 2011 unless express provision is made in this decree to the contrary

All enucmbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to Carolyn Clark in this decree unless provision is made herein to the contrary

-all taxes due on her income earned by Carolyn Kennedy Clark

-    All credit cards in her name and debts incurred by her including loans

## 9  The Marital home-

PROVISIONS DEALING WITH SALE OF RESIDENCE

The Court FINDS that 2511 7ᵗʰ St , Galena Park, Texas 77547, is community property

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot number 12, block 6, Galena Manor shall be listed and sold under the following terms and conditions

I  Property to Be Listed With Broker

The attorneys for the parties shall exchange two names of licensed real estate agents familiar in the area that the property is located on or before 5 00p m on July 31, 2015 The attorneys and the parties shall select an agent from the four names that have been exchanged and file the designated —a designation of real estate agent with the Court on or before 9 00am on August 14, 2015 Absent a mutual agreement as to a real estate agent from the four names exchanged, the Court will select a real estate agent to perfect the sale of the property on August 14, 2015 at 9am at entry

IT IS ORDERED THAT William (Bill) Rapp of Sun Realty, located at 820 W 17ᵗʰ St , Houston, Texas 77008, whose telephone number is 281 222 0433, is the real estate agent, who shall perfect the sale of 2511 7ᵗʰ St , Galena Park, Texas 77547 IT IS ORDERED THAT all parties shall cooperate with the real estate agent in signing all documents necessary to effectuate the listing and sale of the home The home shall be listed by the agent on or before September 15, 2015

IT IS ORDERED that the parties shall agree upon the listing price Absent an agreement, the agent shall list the property at a price consistent with the comparables in the area IT IS ORDERED that the parties shall split the net proceeds 50/50 The net proceeds are after the sale of the home subtracting any debts on the property that were not otherwise assigned to a party in the mediated settlement agreement, including but not limited to any title company payments, liens, mortgages, closing cost appraisals, commissions IT IS ORDERED that the funds shall then be distributed at the time of closing 50/50 However, any of the debts that were on the property that were assigned to a party, that will be the responsibility of that party and will be subtracted from that party's 50 percent before the funds that are distributed at the time of closing IT IS FURTHER AGREED AND ORDERED that Attorney Shonda M Jones, shall be

paid the amount of $3,500 00 from the portion of the net proceeds to be distributed to Carolyn Clark Kennedy at the address of 1314 Texas Avenue, Ste 812, Houston, Texas by the realtor and or individual who distributes the net proceeds

All parties, Carolyn Clark, Donald Clark Sr and Donald Clark, Jr shall cooperate and participate in signing documents, appearing at closings and participate in all activities necessary for the listing, sale and closing of the sale of 2511 7th St , Galena Park, Texas 77547 IT IS ORDERED that Donald Clark, Jr shall take nothing

## 10 Separate Property

This Court confirms any separate property of Petitioner, Carolyn Clark as her sole and separate property and any separate property of Respondent, Donald Ray Clark Sr as his sole and separate property

## 11 Change of Name.

The Court restores the surname of Carolyn Kennedy Clark to Carolyn Elaine Kennedy

## 12 Execution, Transfer, & Delivery of Documents

IT IS ORDERED AND DECREED that CAROLYN CLARK, DONALD RAY CLARK, JR and DONALD RAY CLARK, SR shall execute any and all additional documents and instruments that may subsequently prove necessary in order to fulfill the terms of this decree IT IS ORDERED AND DECREED that each party will, within ten days of receiving written notice from the other party, execute any deeds, bills of sale, motor vehicle title transfers, assignments, consents to change of beneficiaries of insurance policies, tax returns, other documents that are deemed to be necessary to effect the provisions and purposes of this decree, and each party shall do or cause to be done any other reasonable acts and things as may be deemed necessary to effect the provisions and purposes of this Decree

## 13 Decree as a Muniment of Title

To the extent permitted by law, IT IS ORDERED AND DECREED that this decree of divorce shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce

14    Clarifying Orders

Without affecting the finality of this Final Decree Of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree

15    Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied

16    Date of Judgment.

SIGNED on _Sept 11th_, 2015

_____
THE HONORABLE ALICIA FRANKLIN YORK

APROVED AS TO FORM ONLY
Attorney Shonda M Jones                     Attorney Gladys Goffney
SBN00796005                                 SBN 08063500
1314 Texas Ave , Ste 812                    P O Box 3441
Houston, Texas                              Houston, Texas
Tel 713 222 0196                            Tel

_____
APPROVED AS TO FORM AND CONTENT

_____          _____
BY Petitioner                             Donald Ray Clark, Sr , Respondent
Carolyn Clark                             Tel
Tel                                       Address
Address

Houston, Texas


_____

Donald Clark, Jr
Third Party Respondent

CAUSE NO. 2012-30642

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN THE DISTRICT COURT |
| THE MARRIAGE OF | | |
| CAROLYN CLARK KENNEDY | ) | |
| Petitioner | | |
| AND | | |
| DONALD RAY CLARK, SR. | ) | 311TH JUDICIAL DISTRICT |
| Respondent/Cross-petitioner | | |
| AND | | |
| DONALD RAY CLARK, JR. | | |
| Third Party Defendant | ) | HARRIS COUNTY, TEXAS |

## RESPONDENT/CROSS-PETITIONER'S AND THIRD PARTY DEFENDANT'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE AT SAID COURT:

Donald Ray Clark, Sr., Respondent/Cross-Petitioner and Donald Ray Clark, Jr., Third Party Defendant ask the Court to file findings of fact and conclusions of law pursuant to TRCP 296.298 of the Texas Rules of Civil Procedure.

### A. INTRODUCTION

1. Petitioner is Carolyn Clark Kennedy, Respondent/Cross-Petitioner is Donald Ray Clark, Sr. These parties were married October 14, 1996.

2. Third Party Defendant Donald Ray Clark, Jr. is record and titled owner of 2511 7th Street, Galena Park, Texas, from date May 7,1992 as rental-lessee wherein Gideon Sanders was Lessor (with expectation of ownership as termination of rental lease in 7 years; then, as grantee on January 12, 2000 with Gideon Sanders as Grantor by Quit Claim Deed, which property is claimed as community property(among other claims of ownership) by Carolyn Clark Kennedy.

3. The court signed a judgment on the 11th day of September, 2015, ruling 2511 7th St., Galena Park, Texas to be "community property" of Carolyn Clark Kennedy and Donald Ray Clark,Sr.

4. Donald Ray Clark, Sr., Respondent/Cross-Petitioner and Donald Ray Clark, Jr., Third Party Defendant file this request for "Findings of Fact and Conclusions of Law" within 20 days of the date the Court signed the judgment.

### B. REQUESTS

The requesting parties ask the Court to file findings of fact and conclusions of law and send copies to all parties as required by TRCP 297, regarding the following issues:

1. Characterization of the real property located at 2511 7th Street, Galena Park, Texas as community property of the divorcing parties.
Please support your response with applicable findings under Family Law Code Sections 3.001, 3.003(a), 3.003(b), 3.404(a) and Tex. Const. Art XVI, Sec. 15 and Case Law including any Texas Supreme Court Cases applicable to these sections.

2. Contract, Reformation of Contract, Deed(s) etc. including applicable law applied in this case, including findings as to Statute of Limitation, which led to the Court's decision that Donald Ray

Clark, Jr. Was not the owner of 2511 7th Street-Galena Park, Texas, which property has been titled and recorded in his name since inception of rental-lease on May 7, 1992.
Please support your response with applicable Statues from Texas Property Code, and other applicable Texas Contract and property laws.

3. The Court is requested to list all findings of fact and conclusions of law which led to the final judgment divesting/voiding the "ownership" of Donald Ray Clark, Jr. Of his real property located 2511 7th st. Galena Park, Texas.

4. The Court is requested to list Petitioner's pleadings and issues on which she she proceeded to trial on the merits on June 22, 2015 and July 24, 2015.

5. The Court is requested to list her findings of fact and conclusions of law as to the ownership of 2511 7th St., Galena Park,Texas using all of the written evidence and oral evidence admitted at trial.

Respectfully submitted,

Gladys R. Goffney TBA#:08063500
PO Box 3441
Houston, Texas 77253-3441
Tel: (713)224-8860 Fax: (713)357-6824
Attorney for Donald Ray Clark, Sr.
Attorney for Donald Ray Clark, Jr.

CERTIFICATE OF SERVICE

I, Gladys R. Goffney, do hereby certify that a true and correct copy of the foregoing Request for Findings of Fact and Conclusions of Law was served upon Petitioner by and through her attorney of record, Shonda Jones, on the 28 day of September, 2015 in accordance with TRCP, via facsimile/E-Mail/CMRRR.

Gladys R. Goffney,TBA#:08063500

NO. 2012-30642

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN THE DISTRICT COURT |
| THE MARRIAGE OF | ) | |
| | ) | |
| CAROLYN CLARK KENNEDY | ) | |
| AND | ) | 311TH JUDICIAL DISTRICT |
| DONALD RAY CLARK, SR. | ) | |
| | ) | |
| AND | ) | |
| DONALD RAY CLARK, JR. | ) | |
| THIRD PARTY DEFENDANT | ) | HARRIS COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

This Motion for New Trial is brought by DONALD RAY CLARK, SR. and DONALD RAY CLARK, JR. Movants, who ask the Court to grant a new trial in the interest of justice and fairness. In support, Movants show:

## **INTRODUCTION**

1. Petitioner, Carolyn Clark Kennedy, filed her petition for divorce on March, 2012 wherein she sued her spouse Donald Ray Clark, Jr. for divorce and division of community property, including award of homestead located 2511 7th Street, Galena Park, Texas

2. Respondent, Cross-Petitioner, Donald Ray Clark, Sr., filed answer and cross-petition, wherein he denied that 2511 7th Street, Galena Park, Texas was community property and stated that 2511 7th Street, Galena Park, Texas was owned and titled in the name of Donald Ray Clark, Jr. From the inception of title on May 7, 1992 as Lessee under a rental agreement wherein Gideon Sanders was Lessor. On January 12, 2000 Gideon Sanders, prior owner of the said property became the Grantor in a Quitclaim Deed to Donald Ray Clark, Jr., as Grantee. Respondent, Donald Ray Clark, Sr., also requested a fair and just division of the parties' community property and debts.

3. The divorcing parties acknowledged that they were married on October 9, 1996, that at the time of marriage Donald Ray Clark, Sr., lived at 2511 7th Street, Galena Park, Texas with his four minor children of whom he had custody and child support from a prior marriage. Petitioner, Carolyn Clark Kennedy moved into the home with her three(3) minor children and her mother and all became a blended family of parents with 7 children and a mother in law, who all claimed 2511 7th St. Galena Park, Texas as HOME.

4. Petitioner, Carolyn Clark Kennedy in her 2nd, 3rd and 4th petitions sued Donald Ray Clark, Jr., Third Party Defendant, now age 30, but who was a minor child at the time of acquisition of the

property, denouncing the fact that he could be an owner of the property because he was a minor....and 'ONE CANNOT CONTRACT WITH A MINOR"., therefore, the property was her community property.

5. Third Party Defendant, Donald Ray Clark, Jr., answered with General Denial, and Cross-claim urging his right and title of ownership of 2511 7th Street, Galena Park, Texas, though he had taken his status as a child, and not interfered with his parents, siblings and step-siblings right to use and call 2511 7th Street, Galena Park, Texas their home.

6. Bench Trial was held before Honorable Judge on Denise Pratt, who ruled that 2511 7th Street, Galena Park Texas was the separate property of Donald Ray Clark, Sr., and ordered a $15,000.00 judgment in favor of Carolyn Clark Kennedy and implored the parties to seek a loan against the 2511 7th Street to pay the $15,000.00. AMONG OTHER PROBLEMS OF BAD CREDIT AND ETC.,the parties were unable to obtain a loan against 2511 7th Street, Galena Park, Texas because the "title" is in the name of Donald Ray Clark, Jr.,therefore

7. Petitioner, Carolyn Clark Kennedy filed her Motion for New Trial which was granted on February 18, 2014, and case re-instated.

8. Carolyn Kennedy Clark, Petitioner in her 3rd Amended Petition aggressively sought relief against Donald Ray Clark, Jr., claiming among other claims of ownership the following: Adverse Possession; Unclean hands; Breach of Contract; Resulting trust, and using Donald Ray Clark's age as a "crime" against her.

9. Donald Ray Clark, Jr., Third Party Defendant answered with Special Exceptions, Answer and Counter-Claim and Motion for Severance.

10. On Motion of Third Party Defendant the Court denied Third Party Defendant's Motion for Severance, granted Special Exceptions as to Adverse Possession and ordered that the Petitioner replead to avoid dismissal of her claim..

11. On 2/17/15 the 311 th District Court issued a scheduling order which announced new trial date as 5/18/ 2015.

12. On April 20, 2015 Petitioner, Carolyn Clark Kennedy filed her 4th Amended Petition for Divorce, in which she asserted that since Donald Ray Clark, Sr. had denied a community property interest or any ownership interest in 2511 7th Street, Galena Park, Texas then her claims of ownership were directed against DONALD RAY CLARK, JR., under the following theories of relief:
1. Adverse possession, (Statue unspecified) 2. Resulting Trust; 3. Breach of Contract 4)Unjust enrichment 5)Declaratory Judgment and etc. 5) and that her husband had converted his separate property to community property.

13. On May 5, 2015 Donald Ray Clark, Jr. Filed Special Exceptions, Answer and Cross-action in the nature of Trespass to Try Title Law Suit.

13A, On May 5, 2015 Donald Ray Clark, Sr., filed answer to Petitioner's 4th Amended Petition for Divorce.

14. On 5/18/2015, the Parties Carolyn Clark Kennedy and Donald Ray Clark, Sr., appeared before Judge Franklin-York, who ordered mediation to be done on 5/19/2015, before Bruce Kessler, a certified Mediator, and set trial for 5/21/ 2015.

15. On May 19,2015 the parties Carolyn Clark Kennedy and Donald Ray Clark, Sr., along with their respective attorneys Shonda Jones and Gladys R. Goffney attended mediation with Bruce Kessler, mediator and these parties reached a MSA, which was properly signed and acknowledged and all proper warnings in Bold Print.

16. On May 21, 2015 at the call of the docket, the attorneys announced a MSA and were assigned to the associate judge of the 311th District Court for prove-up.

17. Petitioner Carolyn Clark Kennedy and Respondent Donald Ray Clark, Sr. appeared before the associate judge who after hearing testimony of Petitioner, who when asked by the Associate Judge if she felt that the MSA was "fair" she answered "No..but I want to get it over". The Associate Judge then refused the MSA and set trial on the merits for June 22, 2015.

18. On June 10, 2015, Donald Ray Clark, Respondent/Cross-petitioner and Donald Ray Clark, Jr. Filed their Motion for Judgment on the MSA, as being decisive of the marital property issues.,and Carolyn Clark Kennedy's claim(s) against Donald Ray Clark, Jr., which judgment simply stated that "Carolyn Clark takes nothing against Donald Ray Clark, Jr."

19. On June 22, 2015, All parties and their respective attorneys appeared for trial...
Before the Honorable Alicia Franklin York:

     a) The Attorney for Respondent and Third Party Defendant urged her clients' Motion for Judgment on the MSA.

     b) The Attorney for Petitioner urged trial...saying that the issue of ownership of 2511 7th Street had been omitted from the MSA.

     c) The Court agreed with the Petitioner and then Ordered Donald Ray Clark, Jr.,third party defendant to sign the MSA and announced that she accepted the MSA granted the Divorce, but then immediately announced that trial would commence on the omitted issue of ownership of 2511 7th Street Galena Park, Texas.

     d) The Court refused hearing on  Pre-trial and trial Motions made by Donald Ray Clark, Sr, Respondent/CP and Donald Ray Clark, Jr., Third Party Defendant, as follows:.

       1. Special exceptions filed
       2. Clarification of Petitioner's issues (trial motion) Oral and Written
       3. Motion for Jury Trial (Jury fee paid April 25, 2013)

20. The Court commenced trial on June 22, 2015, and after hearing Petitioner's case for more than three hours, announced a continuation to July 24, 2015, but restricted further testimony to 30 minutes each attorney, rather than each party.

21. On July 24, 2015 prior to commencing testimony, Gladys R. Goffney again urged a Motion for Clarification of Plaintiff's issues as neither Respondent nor Third Party Defendant knew what issues were being tried.

22. The Court issued its ruling on July 24, 2015.

23.     On September 11, 2015, a judgment was signed by this Court in the above cause, in which she rendered Judgment for the Petitioner, granting 2511 7th Street Galena Park, Texas as "community property of Petitioner, Carolyn Clark Kennedy and Donald Ray Clark, Sr.," ordering the property sold, and proceeds divided equally. Each Party to pay debts as agreed upon in the M S A. DONALD RAY CLARK, JR. TO TAKE NOTHING!

## B. ARGUMENT AND AUTHORITIES

The Court should grant a new trial because it erred in the following matters:

## Issue 1: Violation of Parties Mediated Settlement Agreement:

The Court erred (1) first refusing to accept the MSA reached with Bruce Steffler, former Harris County Associate Judge on 5/19/2015, in which they had resolved their marital issues, deciding that 2511 7th Street was NOT MARITAL PROPERTY, therefore, there was no need to specifically state so.

The Mediated Settlement Agreement between the divorcing parties.. Carolyn Clark Kennedy and Donald Ray Clark, Sr., with proper warnings, disclosures, disclaimers, and notary was signed in the proper and legal manner on 5/19/2015 and presented to the Court at the hearing on 5/21/2015, the Court refused the MSA. On June 21, 2015 the Court accepted the MSA, but selected and ruled the Parties divorced on June 22, 2015, and then immediately commenced trial on the selected issues of ownership of 2511 7th Street Galena Park, Texas

2) selective issues ownership of 2511 7th Street to be tried on the merits after divorce rendered, caused severe harm to Third Party Defendant, Donald Ray Clark,Jr., and thus the ruling should be set aside. In the instant case the Trial Judge refused the MSA, which met all the requirements of the law, selected and carved out issue which the Court wanted to try thus abusing the Court's discretion and violating Texas Family Code rules as cited in the following authorities:.
**Authority:**

## Harris County Local Rules of Court:

1. Mediation Ordered and Required by Judge of 311 th District Court, who refuse to hear case until parties mediate.
2. Sec. 6.602 of the Texas Family Code states that a MSA meeting all the requirements is binding on the parties.
3. Texas Supreme Court ruling in :In Re:Stephanie Lee, September, 2013. See also: Houston First Court of Appeals Toler vs. Sanders, No. 01-11-00126-CV(Tex Appeals Houston 1st District May17, 2012,n.p.h. in affirming the trial Court's Order entering a decree in conformity with the MSA, holding that the MSA is more binding than a basic written contract, except when the MSA has been procured through fraud or coercion, noting that neither party has a right to void or modify the MSA once everyone has signed it.(quoting in the Matter of Joyner) 196 SW3rd 883, (Tex App. Texarkana,2006,pet denied.)

The MSA in this case had the notices to the Parties as required:

Sec.G,pg2.. the document is a written settlement agreement as contemplated by TRCP 11,TFC Sec.6.602,TFC 153.007 and /or Tx. Civ. Prac. & Rem. Code Sec. 154.071and it shall have the same force and effect as the entry of a Decree of Divorce with regard to TFC 9.301 and 9.302 and Tx Probate Code Sec. 69.

Sec. O. EACH PARTY HERE TO UNDERSTANDS AND AGREES IN REFERENCE TO THIS AGREEMENT STATED HEREIN THAT THE AGREEMENT IS NOT SUBJECT TO REVOCATION.

Sec. R. THIS IS A MEDIATED SETTLEMENT AGREEMENT EACH PARTY HERETO FURTHER UNDERSTANDS AND AGREES THAT EITHER PARTY SHALL BE ENTITLED TO JUDGMENT ON THIS AGREEMENT. The Texas Supreme Court in its ruling in RE: Stephanie Lee, Relator, decided September 27, 2013 stated that "if a MSA meets (certain requirements), a party is entitled to Judgment on the MSA, not withstanding another rule of law.) Texas Family Code Section 153.0071(e). This Court in a 5-4 decision, decided that a family court may not reject a mediated settlement agreement on the family court's belief that the "mediated settlement agreement is not in the best interest of a child or children in the Texas Family Code."

**Issue 2: The Court erred and caused grievous harm when she refused request for Jury Trial which had been paid for by Respondent-Cross Petitioner and Third Party Defendant on** April 25, 2013.

The Court abused her discretion in refusing to allow the parties a right to trial by jury, upon her announcement that she had the sole right and authority to divide marital property, when the sole issue she had selected to try was based upon "Petitioner's ownership versus Donald Ray Clark, Jr." which was not a marital issue, and further she ignored and violated the rights of requesting parties to "have "fact" issues of characterization and ownership decided by a Jury.

Such failure to allow the 'fact" issues of characterization and ownership of 2511 7th Street, Galena Park, Texas to be tried by a Jury which are sole arbiters of "fact issues" resulted in grevious and harmful rulings by the trial judge, who ruled that Donald Ray Clark, Jr., the record title holder since 1992 TAKE NOTHING!
This ruling should be void for violation of Donald Ray Clark, Jr.'s and Donald Ray Clark, Sr.' Constitutional Protections pursuant to the appropriate Amendments to the Texas Constitution and United States Constitution.

Movants' should be granted a new trial for violation and infringement on their constituional right to trial by Jury..

**Authority**

Texas and US Constitution
On June 30. 2015 the Cramp Law Firm, PLLC, writing in an article San Antonio,Texas Family Law "Blog" JURY ISSUES IN DIVORCE, in writing on "what issues a jury can decide in a divorce" wrote that
" The character of property (i.e. whether property is one spouse's separate property or both spouses' Community property", is a fact issue to be decided by a Jury..whereas, all issues of "law' are decided by the Judge.

## Issue 3. Mis-characterization of Real Property

The Court erred in finding that the real property located 2511 7th Street, Galena Park Texas, was the community property of the divorcing parties,in violation of Texas Family Code Sec. 3.001 and 3.002

1. The Court has mis-characterized the real property located 2511 7th Street, Galena Park, Texas in her ruling that the property is community property of the divorcing parties Carolyn Clark Kennedy and Donald Ray Clark, Sr., when in fact, there is no written evidence or other supportable evidence that the married parties ever acquired any real property during their marriage:

A). 2511 7th Street is owned by Donald Ray Clark, Jr. See title history commencing with the following:
A-1) Lease/Rental agreement dated May 7,1992with Gideon Sanders as Lessor and Donald Ray Clark, Jr. As Lessee filed Harris County real property records on May 16, 1992.

Recital: Lease for $250.00/month rent for 7 years also to pay Taxes and Insurance for 7 years for a total of $21,000.00. NO PURCHASE RECITALS.

B-2) Divorcing Parties Donald Ray Clark, Sr. And Carolyn Clark Kennedy married

October 9,1996 while 2511 7TH St., was still under a rental lease...(not a leasehold to which they could garner a community estate.)

C-3) Gideon Sanders Quit Claim Deed dated January 12, 2000 "for $10.00 in hand paid and other consideration did BARGAIN, SELL, RELEASE, AND FOREVER QUITCLAIM, unto the said DONALD RAY CLARK, JR., the property described as Lot 1,in Block 6 of GALENA MANOR, located at 2511 7th Street, an addition of Harris County, Texas. Filed of record under film code 531-46-L97 on March 31,2000. (Title was fully vested in Donald Clark, Jr. A minor child)

C-4). Objections are made by both Donald Ray Clark, Sr., and Donald Ray Clark, Jr., to the Court's characterization of 2511 7th Street as community property of the divorcing parties, when, in fact all the written and parol evidence show the title exclusively in the name of DONALD RAY CLARK, JR.

C-5) The Court has no legal authority to take Donald Ray Clark, Jr.'s real property and give it to anyone and the property cannot be characterized as community property or separate property of either divorcing party:

      In the context of divorce law in Texas, all property, both real and personal is characterized as two different types of property (1) "separate property" and "community property".

**Authority**
Texas Family Code: Sections 3.001 and 3.002
Texas Const. Art.XVI Sec. 15
See also: Michael David Kite v Kendra Senja Kite (Texas App. Houston 14th District May 14.2010, appeal from the 246th District Court of Harris County,Texas in which Chief Justice Radick and Justices Alcala and Higley reversed and remanded after Appellee had been divested of his separate real property. Characterization of separate and real property in divorce as well as tracing were thoroughly explained and ruled on in this case.

## Issue 4: The Court has violated the Inception of Title Rule in the State of Texas:
      The Court has erred and made grevious error in failing to follow precedence of recognizable and supportable Texas Law which supports the Inception of

Title rule in tracing ownership rights of real property in the State of Texas, in that;

a) Title to 2511 7th Street, Galena Park,Texas began in the name of Donald Ray Clark, Jr. on May 7, 1992, with the rental agreement and conditional ownership of title .

1) No document, deed, contract, receipt or parol evidence exist which show that DONALD RAY CLARK, SR, AND CAROLYN CLARK KENNEDY ever purchased any real property during their marriage which began October 9, 1996. The inception of title with the rental agreement was in Donald Ray Clark, Jr. On May 7, 1992, and continued by the Grantor Gideon Sanders granting the property to him by "Quit-claim deed dated January 12, 2000." There is no real property existing in the name of either divorcing party except for the "fraudulent Warranty Deed which they self executed in an attempt to take Donald Ray Clark, Jr's property.

See Diana M. Wanger's "Explanation of Texas Community and Separate Property" (Pages 1-6) www.family lawtex.com/Property definitions.

The Court's Judgment should be set aside for the failure of the Court to follow and abide by TEXAS LAW AS SET OUT IN SECTION 3.404(a) OF THE TEXAS FAMILY CODE . In fact the disputed property was titled at inception, May,1992 in the name of Donald Ray Clark,Jr., who still owns the property by virtue of deed from Grantor,Gideon Sanders.

**Authority:**
Texas Family Code Sec. 3.404(a) Vernon 2006 which states that the characterization of property as separate or community is determined by the inception of title i.e. when a party has a right of claim to the property by virtue of which title is finally vested. Chavez v. Chavez 269 S.W. 3rd763,767 (Tex App. Dallas 2008 no pet). "Once separate property character attaches that character does not change because community funds are expended to improve the property Leighton v. Leighton 921 SW 2nd365,367 (Tex. App. Houston First District 1996,no writ.

*In fact Justice Alcala wrote in her opinion in the case of Kite v. Kite cited above, 'that when the Court mistakenly characterizes property that constitutes the main asset of the parties, the error is of such magnitude that it materially affects the just and right division of the community estate.*

## Issue 5: The Court has erred in Intentionally Voiding a Contract

The Court has erred and abused her discretion in ordering a change in existing contract and deed, existing since 1992 made by a Grantor, who is deceased, with no legal authority to do so and no precedence in law on which she can base her ruling. Clearly a violation in using parol evidence to breach a "contract".

Third Party Defendant, Donald Ray Clark, Jr. placed in evidence his Rental Contract & Deed filed of record in the Harris County Real Property Records on May 16, 1992 and March 31,2000,respectively (Title was fully vested in Donald Clark, Jr.)

## Authority

Statutes of Limitation expired see Texas Supreme Court ruling in McClung v. Lawrenc 430 S.W. 2d 179 (Tex. 1968) determined a 4 year Statue of Limitation for Reformation of Deed by Grantor. (The Court had no legal authority and showed an enormous abuse of discretion in voiding a contract and deed that had been in existence since 1992 and 2000 respectively, in reforming the separate property of the Third Party Defendant to the Community property of Petitioner and Respondent, therefore, Movants should be granted a new trial.

Parol Evidence cannot be used to vary the terms of a contract

Donald Ray Clark, Jr. Has never conveyed his title to any person.

## Issue 6: The Court erred in using a "presumption" that a minor can not own real property.

The Court has abused her discretion in her obvious presumption and conclusion that Third Party Defendant Donald Ray Clark, Jr., could not own property because he was a minor at the time of the legal transactions, and this mindset and attitude resulted in her egregious ruling that DONALD RAY CLARK, JR. "Take Nothing!.(Judge used *exclamation point to emphasize her ruling) See rendition from Clerk's Record.*

### Authority:

Quite the opposite is the case see PROPERTY LAW ACT OF 1958 followed by Property Law (Loans to Minors) Act of 1965 which make contract transactions by a minor valid and holds the minor to responsibility , in fact saying such contract...shall be as valid and binding on a minor for all purposes as if the minor were of full age at the time he entered into the contract...

See also, Answer to what happens when a father gives a QUIT-CLAIM"

Deed to his Son? Which states..

The quitclaim deed is an efficient instrument for transferring property between father and son, although the relationship between the parties to a deed is irrelevant. The law recognizes a grantor and grantee-nothing more.

The instant case:

1. The Grantor was Gideon Sanders now deceased

2. The Grantee is DONALD RAY CLARK, JR., a party to this lawsuit who asserts his ownership to 2511 7th st., Galena Park, Tx.

"Once a Quitclaim deed is filed, the grantee acquires whatever rights you had in the property. Unless the grantee voluntarily quit-claims it back to you, a lawsuit will be necessary to void the deed between the Grantor and Grantee.

IN THE INSTANT CASE THE GRANTOR IS DEAD...AND DID NOT SEEK TO VOID THE DEED DURING HIS LIFE TIME). THEREFORE, ALL RIGHTS, TITLE, INTEREST BELONGS TO DONALD RAY CLARK, JR. THE COURT DOES NOT HAVE THE LEGAL AUTHORITY TO VOID HIS DEED.

As all statutes of limitations have run;
The Court failed to properly join the Grantor's estate.
The Contract cannot be varied by Parol Evidence.

The ruling of the Court should be set aside and new trial granted.

## Issue 7. The Court's Ruling gives a disproportionate amount of the community property to Plaintiff

The Court has errerd and committed grevious harm to Donald Ray Clark,Sr., in her merger of the terms and conditions of the MSA with her flawed rulings in the trial on the merits, in that, the final Judgment gives a disproportionate amount of the parties community property to Carolyn Clark Kennedy, actually when calculated it is 75/25 percent, therefore, this ruling should be set-aside:

In the Court's ruling that 25117th Street, Galena Park, Texas was community property and ordered sale of the property, and Order to split proceeds 50/50 with the parties MSA debt obligation deducted from the (agreed MSA) would result in Donald Ray Clark, Sr., paying the "tax indebtedness" against the property which is a priority debt in which Donald Ray Clark, Sr., Carolyn Clark and Donald Ray Clark, Jr., are obligated. (See prior discussion and evidence presented at trial)

Additionally the MSA took into consideration the previous "division and split of Community property by the parties" in the prior trial and at other times during the litigation of this case, and for the Court to modify this MSA is a grevious error, which would result in extreme harm to Donald Ray Clark,Sr., by placing the majority of the community property in his wife's hands and requiring him to pay all the debts. UNFAIR AND UNJUST

Respondent-Cross Petitioner Donald Ray Clark, Sr., should be granted a new trial, as the Court has abused her discretion to render a just and fair division of the Parties community property.

In the Court's ruling that 2511 7th Street, Galena Park, Texas was community property and ordered sale of the property, and Order to split proceeds 50/50 with the parties MSA debt obligation deducted from the (agreed MSA) would result in Donald Ray Clark, Sr., paying the "tax indebtedness" against the property which is a priority debt in which Donald Ray Clark, Sr., Carolyn Clark and Donald Ray Clark, Jr., are obligated. (See prior discussion and evidence presented at trial)

Additionally the MSA took into consideration the previous "division and split of Community property by the parties during the litigation" and for the Court to modify this MSA is a grevious error, which would result in extreme harm to Donald Ray Clark, Sr., by placing the majority of the community property in his wife's hands.

**Authority**
Texas Family Code Sec. 7.001 (Vernon 7.001) In a Decree of Divorce, a trial Court must Order a division of the estate of the parties in a manner that the Court deems "just and right" The Court may divide only the parties community property. Jacobs v. Jacobs 687 S.W.2nd 731.

## Issue 8: Conflict in Judgment rendered by the District Judges of 311th District Court of Harris County, Texas

DONALD RAY CLARK, JR. The title holder is not a party to the community marital estate, therefore, 2511 7th Street should not be included, thus, this judicial ruling should be set aside and would show the Honorable Court of Appeals that he has been the Victim of conflicting decisions by the Honorable Judges of the 311th District Court, and would show that the

The instant case was commenced under cause no. 2012-30642 on 2012. On or about December, 2013 a Bench trial was had with all three parties and their counsel in attendance. A primary issue was the ownership-characterization of 2511 7th Street, Galena Park, Texas, and the Honorable Judge Denise Pratt ruled that the property was **"the separate property of Donald Ray Clark, Sr.,"**,Upon Motion for New Trial by Petitioner, Carolyn Clark Kennedy, Judge Pratt set the ruling aside and Ordered a New Trial. On September 11, 2015 the Honorable Judge Alicia Franklin York has made a different error in ruling that 2511 7th Street, Galena Park, Texas **is Community Property of Carolyn Kennedy Clark and Donald Ray Clark, Sr.** This ruling should also be set aside and New Trial Granted.

## CONCLUSION

On its face the ruling of the trial court is flawed, unjust and unfair and rendering grevious harm upon Movants, Donald Ray Clark, Sr., and Donald Ray Clark, Jr., therefore, a New Trial should be granted in the interest of justice and fairness and in the preservation of protecting the procedural and fundamental property laws of the State of Texas, which ruling, if allowed to stand, would be against all other precedence known, if a Judge can arbitrarily take the property of a third party property holder and convert it to community property of other parties.

## PRAYER

For these reasons, and in the interest of justice and fairness Movants Donald Ray Clark, Sr., Respondent, Cross-Petitioner and Donald Ray Clark, Jr. Third Party Defendant ask the Court to grant a new trial.

Respectfully submitted,

Gladys R. Goffney TBA#:08063500
PO Box 3441
Houston, Texas 77253-3441
(713)224-8860 Fax:(713)357-6824
Goffney1@comcast.net
Attorney for Movants

## CERTIFICATE OF SERVICE

On this day I did serve Movants Motion for New Trial upon Petitioner, Carolyn Clark Kennedy by sending notice by and through Shonda Jones, her attorney of record whose location' is 1314 Texas Ave., Suite 800, Houston, Texas 77002.

Via CMRRR# 7011 0110 0001 0909 2259 this 9 day of October, 2015.

Gladys R. Goffney
Attorney for Movants

## AFFIDAVIT

STATE OF TEXAS     )

COUNTY OF HARRIS   )

     ON THIS DAY, Gladys R. Goffney, appeared before me, the undersigned notary public and after I administered an oath to her, upon her oath se stated;

     "My name is Gladys R. Goffney, I am the attorney of record for Donald Ray Clark, Sr. Respondent/Cross-Petitioner and Donald Ray Clark, Jr., Third Party Defendant, Movants in the Motion for New Trial, who have asked me to file this Motion on their behalf. I am capable of making this affidavit. The facts and legal history stated in the foregoing Motion for New Trial as stated therein are from the record of the case and are within my personal knowledge and are true and correct.

     This affidavit made on ___Oct. 9___, 2015.

_____
Gladys R. Goffney, TBA#:08063500

     SWORN TO AND SUBSCRIBED Before me by Glady R. Goffney who was further identified by her photographic identification on this the ___9th___ day of October, 2015.

_____
Notary Public/State of Texas

Wilbert James
My Commission Expires
08/14/2017

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM     DEC 09, 2015(C1)
INT6510              CIVIL CASE INTAKE               OPT: _____ - INT
                  GENERAL PARTY INQUIRY             PAGE:   1 -    2

CASE NUM: 201230642__ PJN> __  TRANS NUM: _____ CURRENT COURT: 311 PUB? _
CASE TYPE: DIVORCE NO CHILDREN          CASE STATUS: DISPOSED (FINAL)
STYLE: KENNEDY, CAROLYN CROSS CLARK      VS CLARK, DONALD RAY
===========================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR      PERSON NAME            PTY   ASSOC. ATTY
  NUM   NUMBER                                       STAT
2     00008-0001 XPL 08063500 CLARK, DONALD RAY JR          GOFFNEY, GLAD
0     00007-0001 XDF          KENNEDY, CAROLYN CLARK
_     00006-0001 XPL 08063500 CLARK, DONALD RAY SR          GOFFNEY, GLAD
_     00004-0001 XDF 00796005 KENNEDY, CAROLYN CLARK        JONES, SHONDA
_     00003-0001 XPL          CLARK, DONALD RAY             PRO-SE
_     00003-0001 PXP 08063500 GOFFNEY, GLADYS R.
_     00009-0001 MED 11358080 KESSLER, BRUCE S.
_     00005-0001 MED 99999936 DISPUTE RESOLUTION CENTER

==> (11) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    DEC 09, 2015(C1)
INT6510             CIVIL CASE INTAKE              OPT: _____  -  INT
                  GENERAL PARTY INQUIRY           PAGE:   2  -    2

CASE NUM: 201230642__ PJN> __  TRANS NUM: _____ CURRENT COURT: 311 PUB? _
CASE TYPE: DIVORCE NO CHILDREN           CASE STATUS: DISPOSED (FINAL)
STYLE: KENNEDY, CAROLYN CROSS CLARK      VS CLARK, DONALD RAY
========================================================================
                   **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM   NUMBER                                        STAT
2    00002-0001 DEF        CLARK, DONALD RAY                 PRO-SE
0    00002-0001 PAD 08063500 GOFFNEY, GLADYS R.
_    00001-0001 PLT 00796005 KENNEDY, CAROLYN CROSS CLARK    JONES, SHONDA




==> (11) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```